O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SHEILA WILSON, | ) | NO. CV 07-1559-CT |
|---|---|---|
| Plaintiff, | ) | OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On March 14, 2007, plaintiff, Sheila Wilson ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On June 28, 2007, plaintiff filed a memorandum of points and authorities in support of complaint. On August 2, 2007, the Commissioner filed an

opposition brief.

## SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On February 4, 2004, plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since July of 2001 due to HAART regimen, pelvic inflammatory disease, supra pubic pain, abdominal pain, excessive vaginal bleeding, lumbar contusions, hip pain, back pain, disc bulges with degenerative disc desiccation at L5-S1, and twisted left knee.  (TR 40, 74-79, 85).[1]  The application was denied initially and on reconsideration.  (TR 40-49).

Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), which was held on September 12, 2005.  (TR 594). Plaintiff, represented by an attorney, appeared and testified before an ALJ.  (TR 594-614).  The ALJ also considered vocational expert ("VE") testimony.  On November 30, 2005, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act.  The ALJ found that plaintiff had the following severe impairments: HIV positive status and status post compression/contusion of the right buttock and hip.  (TR 24).  The ALJ further found that, even with her residual functional capacity of a limited range of sedentary work, there are a significant number of jobs in the national economy that she can perform.  (TR 13-25).  Plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision, which was denied.  (TR 5-7).  Accordingly, the ALJ's decision stands as the final decision of the Commissioner.

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

Plaintiff subsequently sought judicial review in this court.

2. <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

PLAINTIFF'S CONTENTIONS

Plaintiff contends as follows:

1. The ALJ failed to consider the record, including the August 4, 2003 California Department of Health Services disability decision, as to whether claimant could sustain work activity;
2. The ALJ improperly found that the claimant was not credible; and
3. The ALJ improperly found that claimant could perform a significant number of jobs in the national economy.

STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g).

DISCUSSION

1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the

person is unable to perform other work.  20 C.F.R. § 416.920; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).

    2.   <u>Issues</u>

        A.   <u>RFC Assessment</u>

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence.  Specifically, plaintiff contends that the record evidence does not support the ALJ's finding that plaintiff can perform work on a sustained basis.

"In evaluating whether the claimant satisfies the disability criteria, the Commissioner must evaluate the [plaintiff's ability to work on a *sustained* basis." <u>Lester v. Chater</u>, 81 F.3d 821, 833 (9th Cir. 1996)(citing 20 C.F.R. § 404.1512(a)).  Thus, "occasional symptom free periods – and even the sporadic ability to work – are not inconsistent with disability." (<u>Id</u>.)(citations omitted).

Here the ALJ found that plaintiff had the following residual function capacity:

    The [plaintiff] is able to lift 10 pounds occasionally and no more than negligible weight frequently, stand/walk 2 hours and sit six hours in an 8 hour day.  She also requires a job where she is able to stand at the work station as needed and which includes only occasional bending, stooping, climbing, pushing/pulling, and no direct pressure on the right hip (i.e., she needs a comfortable chair).

(TR 22).  The ALJ further found, based on testimony of the vocational expert, that given the foregoing RFC, plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy.  (TR 23).

In coming to the foregoing conclusions, the ALJ considered all the evidence of record, including plaintiff's testimony, which the ALJ found

5

partially credible,[2] and plaintiff's medical records. The ALJ's determination that plaintiff can function at work at the above capacity on a sustained basis is supported by substantial evidence in the record. For example, although plaintiff had pelvic inflammatory disease for which she was hospitalized twice in late 2001 (TR 193-95, 450-84), the ALJ noted that plaintiff had a total hysterectomy to address the problem in June of 2002. (See TR 273 (reporting an improvement in her symptoms since her hysterectomy), 308). In addition, while plaintiff experienced episodes of epigastric pain and weight loss apparently caused by gallstones (see TR 258, 251, 579, 586), she reported feeling better after gall bladder surgery. (TR 548, 611). As the ALJ noted, in February of 2005 plaintiff reported to her doctors that she "feels great," had no more abdominal or pelvic pain, and had gained significant weight. (TR 574; see also 530 ("doing well" in June of 2005 and weighing 156.4 pounds)). Plaintiff testified at her September 2005 hearing that for about a year she has been experiencing a new pelvic pain, but the pain occurs only in brief episodes twice a month and plaintiff is being treated for it by her doctor. (TR 607-08).

Plaintiff does have an HIV infection. However, as the ALJ stated, plaintiff is on an AIDS cocktail regimen and her viral load and white blood cell (CD4 cell) count have remained stable.[3] (TR 334, 336, 340). The consultative examiner found no signs of opportunistic infections or

---

[2] As discussed below, the ALJ's credibility finding is free from material legal error and supported by substantial evidence.

[3] HIV disables or destroy CD4 cells, which are the immune system's important infection fighters and a key effect of HIV infection is a decline in the number of CD4 cells. See National Institutes of Health Fact Sheet: HIV Infection and AIDS: An Overview, at www.niaid.nih.gov.

fatigue associated with plaintiff's HIV infection. (TR 277).

With respect to plaintiff's back and hip condition, plaintiff's examination in 2002 by Dr. Styner, plaintiff's treating physician who evaluated her in connection with her worker's compensation claim, yielded essentially normal results. (TR 487-89). In addition, Dr. Styner noted that while an MRI of plaintiff's spine showed a disc bulge at L5-S1, there was no thecal sac or nerve root impingement and her sacroiliac joints was normal. (TR 488). Moreover, the ALJ's functional capacity assessment is generally consistent with Dr. Styner's. (See TR 490-91).

The ALJ's RFC is more restrictive than that assessed by the consultative examiner, Dr. Monica Schwarcz, who gave plaintiff a thorough examination in April of 2004 and found that plaintiff could perform a limited range of light work. (TR 273-78). In addition, the state agency physicians who reviewed plaintiff's records in June of 2004, also found that plaintiff could perform a limited range of light work. (TR 130-139). These opinions are consistent with independent clinical findings and with the medical evidence of record and constitute substantial evidence supporting the ALJ's assessment.[4] See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)("The opinions of non-

---

[4] Dr. Francis Yemofio completed a disability form on April 5, 2005 in which he gave plaintiff a very restrictive assessment. (TR 532-35). However, the ALJ rejected this assessment because it was not supported by the doctor's treatment notes. (TR 20). Plaintiff does not challenge this finding here. In any event, the ALJ correctly found that the doctor's contemporaneous treatment notes do not reflect most of the symptoms in the disability assessment, see TR 536, which is a legitimate reason for rejecting the doctor's opinion. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)(inconsistency between doctor's assessment and contemporaneous treatment notes was a clear and convincing reason for rejecting the doctor's opinion).

treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Plaintiff also contends that the ALJ improperly failed to consider the August 14, 2003 hearing decision by the California Department of Health Services, in which the administrative law judge found that plaintiff was eligible for Medi-Cal benefits as of September 1, 2001.[5] (See TR 140-150).  However, determinations by state agencies are not binding on the Social Security Administration.[6]  See 20 C.F.R. § 416.904.

In any event, the California Department of Health Services decision concerned the period prior to plaintiff's filing her application.  The record evidence, which was considered by the ALJ, demonstrates that plaintiff's condition has improved since the date of the California Department of Health Services decision.  For example, after that decision plaintiff had gallbladder surgery and experienced significant weight gain and reported that she was "feeling great" and that her abdominal and pelvic pain had resolved in 2005. (TR 574).  Accordingly, the ALJ was not required to discuss the state agency decision.  See Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003)(holding that the ALJ's failure to discuss a report was not error because "the ALJ is not required to discuss evidence that is neither significant nor probative"); Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.

---

[5]There are two copies of this decision in the record.  (See TR 28-39).

[6]Plaintiff cites McCartey v. Massanari, 298 F.3d 1072, 1075-77(9th Cir. 2002) in support of her claim that the ALJ was required to give weight to the state agency's decision.  McCartey addressed the Commissioner's consideration of a decision by the Veteran's Administration, not a state agency.  Id. at 1076.

1984)(ALJ need not discuss every piece of evidence, but must only explain why "'significant probative evidence is rejected'")(citation omitted).

    The ALJ's determination that plaintiff has the RFC to perform a limited range of sedentary work on a sustained basis is supported by substantial evidence and free from material legal error.

    B.   <u>Plaintiff's Credibility</u>

    Plaintiff contends that the ALJ failed to properly analyze her credibility.

    The Commissioner's assessment of plaintiff's credibility should be given great weight. <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985). Although the ALJ's interpretation of plaintiff's testimony may not be the only reasonable one, if it is supported by substantial evidence "it is not [the court's] role to second-guess it." <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989)).

    "Generally, a [plaintiff's] credibility becomes important at the stage where the ALJ is assessing [RFC], because the [plaintiff's] subjective statements may tell of greater limitations than can medical evidence alone." <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001). For this reason, the ALJ may not reject plaintiff's testimony regarding plaintiff's limitations merely because they are not supported by objective evidence. <u>Id.</u> at 1147-48 (citing <u>Fair v. Bowen</u>, 885 F.2d at 602). In assessing plaintiff's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering plaintiff's reputation for truthfulness and any inconsistent statements in plaintiff's testimony. <u>Id.</u> at 1148. The ALJ must give specific,

convincing reasons for rejecting plaintiff's subjective statements. Id. (citing Fair v. Bowen, 885 F.2d at 602).

Here the ALJ did not completely reject plaintiff's allegations concerning her pain and symptoms and specifically considered them in assessing plaintiff's RFC (which was more restrictive than the RFC assessed by the consultative examiner and state agency physicians). However, the ALJ found that plaintiff's testimony with respect to her limitations was not totally credible. The ALJ gave a number of reasons for this finding. (TR 21-22). For example, the ALJ found that plaintiff's claims of long periods of inactivity during the day and her alleged inability to sit stand or walk for more than twenty minutes at a time were inconsistent with the medical evidence, which shows no muscle atrophy that would be expected from prolonged periods of inactivity. (See TR 22, 275 (muscle tone and mass appear normal in April of 2004); 488 (muscle strength 5/5 in September of 2002)). This is an appropriate reason for discounting the credibility of such claims. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999)(ALJ properly discounted credibility of plaintiff's allegations of total inactivity due to incapacitating pain based on the fact that the plaintiff "did not exhibit muscular atrophy or any other physical signs of an inactive, totally incapacitated individual").

In addition, the ALJ noted evidence that plaintiff was uncooperative and put forth less than the maximum effort during the consultative examination, (TR 22, 275, 277), which is also an appropriate reasons for discounting the credibility of plaintiff's allegations. See Thomas v. Barnhart, 278 F.3d at 959 (failure to cooperate or give maximum effort during consultative examination

10

supported ALJ's determination that plaintiff was not credible).

The ALJ also correctly observed that plaintiff's medical records report that she injured her knee while engaged in a fight in high heels outside a night club, while at the hearing plaintiff denied that she was at a night club, although she admitted that she was wearing high heels despite her allegations of back and hip pain. (TR 21, 238, 247, 601). Such inconsistencies are also a legitimate reason for discounting plaintiff's credibility. See Tonapetyan v. Halter, 242 F.3d at 1148.

Further, although plaintiff alleges debilitating fatigue, plaintiff's medical records from the relevant period do not contain consistent or repeated complaints of fatigue and instead contain reports of plaintiff feeling well. (See TR 520-31; 536-55; 570-83). Dr. Schwarcz's examination revealed no signs of incapacitating fatigue. (TR 277).

The ALJ's consideration of plaintiff's credibility is free from material legal error and supported by substantial evidence.

C.  Vocational Expert Hypothetical

Plaintiff contends the ALJ erred in failing to give a complete hypothetical to the vocational expert ("VE"). Specifically, plaintiff asserts that the hypothetical question to the VE did not reflect the plaintiff's fatigue and chronic pain.

Although hypothetical questions posed to the VE must set out all of the plaintiff's limitations and restrictions, Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988), the hypothetical need only include those limitations that the ALJ finds credible and supported by substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005)(ALJ's reliance on VE testimony was proper where hypothetical to

the VE "contained all of the limitations that the ALJ found credible and supported by substantial evidence").

The ALJ's hypothetical to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence and was, therefore, proper.

## CONCLUSION

Plaintiff clearly has severe impairments.[7] However, a plaintiff who can still perform work in the national economy, even with a severe impairment, is not disabled as that term is defined by the Act. See generally Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir. 1991). Furthermore, if the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: August 10, 2007

                                         CAROLYN TURCHIN
                                  CAROLYN TURCHIN
                                  UNITED STATES MAGISTRATE JUDGE

---

[7] Nothing in this opinion precludes plaintiff from filing another application for benefits should her condition worsen.